IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DIDIO, | : |
| Petitioner, | : |
| v. | : C.A. No. 11-603-LPS |
| WARDEN, Willard Drug Treatment, and STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM ORDER

At Wilmington this 13th day of August, 2012:

### I. BACKGROUND

Petitioner Christopher DiDio filed a document titled "Notice of Intention to File Claim," which alleges false arrest and ineffective assistance of counsel. (D.I. 1) DiDio asserts that he was falsely arrested by the Delaware State Police and incarcerated for six months in Georgetown, Delaware until all charges were dismissed, and that his public defender advised him to enter a guilty plea even though he professed his innocence. *Id.* The "items or injured claimed" include "mental and physical anguish, loss of property, car, house, furniture, clothes, etc." *Id.*

### II. LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). A district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

To the extent the instant filing constitutes a petition for a writ of habeas corpus under 28 U.S.C. § 2254, the Court concludes that summary dismissal is appropriate. A district court only has subject matter jurisdiction over a § 2254 petition if it is filed by a person in custody pursuant to the judgment of a State court and the petitioner contends that his custody violates the federal Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Here, DiDio was not in custody in the State of Delaware when he filed the instant document,[1] he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court. *Id.*; *see also* 28 U.S.C. § 2241(d) (petition may be filed either in district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Therefore, the Court does not have jurisdiction over the instant proceeding, to the extent it was filed pursuant to 28 U.S.C. § 2254.

Nevertheless, DiDio's false imprisonment allegations suggest that he may have intended to file the instant Notice pursuant to 42 U.S.C. § 1983. Given this possibility, and the Court's duty to liberally construe *pro se* filings, the Court will afford DiDio an opportunity to amend his Notice to comply with the requirements of 42 U.S.C. § 1983. If DiDio decides to pursue relief pursuant to 42 U.S.C. § 1983, the Clerk of the Court shall amend the docket to indicate that the instant case is filed pursuant to § 1983, and the Court will issue an order for payment of the $ 350 filing fee pursuant to 28 U.S.C. § 1915(b)(1). Conversely, if DiDio does not amend his

---

[1] DiDio was a resident at the Willard Drug Treatment Campus in Willard, New York when he filed document pending before the Court. (D.I. 1 at 2)

2

filing to indicate his desire to pursue relief under § 1983 within the time afforded by the Court, the instant action will be dismissed and the case will be closed.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that:

1. To the extent Christopher DiDio filed the instant action pursuant to 28 U.S.C. § 2254 (D.I. 1), it is **DISMISSED** for lack of jurisdiction. The Court also declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

2. Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the Clerk of the Court shall forthwith serve a copy of the Petition and this Memorandum and Order upon above-named Respondents. The Clerk shall also send a copy of this Memorandum and Order to DiDio at his address on record.

3. DiDio shall have until September 14, 2012 to amend his filing to comply with the requirements of 42 U.S.C. §1983. DiDio's failure to respond to this Memorandum Order by the aforementioned date will result in the dismissal of this case. If, however, DiDio amends his filing to indicate that it is filed pursuant to 42 U.S.C. § 1983, the Clerk of the Court shall appropriately correct the docket and return the entire file to the Court for further review.

4. If the suit is re-characterized as a § 1983 action, the Court will issue an Order for payment of the $ 350 filing fee pursuant to 28 U.S.C. §1915(b)(1).

UNITED STATES DISTRICT JUDGE

3